Good morning, Your Honor. Robert Williams on behalf of Ms. Colter. It is a unique case in some respects that's here, and certainly the Commissioner has been somewhat upset by our presentation of some moniform disorder evidence. And whether the Court should properly consider that or not, at minimum, I think the Court has to consider it just for the fact that what it does is demonstrate, and what we did lay out there, is that the underlying decision by the ALJ did not consider the evidence as a whole. It was very selective in what it looked at. Counsel, how should we interpret your opponent's argument that not only was that issue waived because of the failure to brief it, but also at the administrative level, counsel then for Ms. Colter stated they were not pursuing a disability claim based upon her mental issues? I think he actually said something slightly different, which is I think what he said and is properly interpreted is that Ms. Colter was preventing him from presenting that claim. Ms. Colter, whether you believe in environmental sensitivity or not, it is clear she treated for decades, there's four volumes of materials of her treating with licensed California physicians who said this is not a claim. This is something you have. This is how we treat it. You know, the Social Security may consider it quackery, but if it's quackery, it puts her into the world of the somatoform disorder patient. And she was... I looked at the case, Your Honor, and what in fact is going on in that case. It isn't the Ninth Circuit saying this. It's that there was evidence in that record of a reviewing physician who had expressed that opinion. Now, it's not the Ninth Circuit saying this. It's that there was evidence in that record of a reviewing physician who had expressed that opinion. It's an opinion that I think medically is just fundamentally wrong and flawed. And we cited in our opening brief some of the research on that. These are comorbidities. They are commonly found together. People who have pain have depression. People who have somatoform disorder have unusual sensitivities. They also are likely to have depression that gets associated with it. It is one of the worst, most frustrating things, whether you're a physician or not. It was fibromyalgia for decades, not being recognized by anybody, to have this terrible condition, a pain, a difficulty, whether it's in your head or whether it is physical that is unrelenting and doesn't go away. This woman is able to function, based on this record, at best an hour a day to monitor children. She wears masks. She does everything that her doctors tell her to do. She is credible. And there was not a single doctor who found her not credible. Counsel, I have a question for you about the doctors. Did any of her doctors say that she had somatoform disorder? If so, which doctors? And where do I find that in the record? The doctors who said that she had somatoform disorder were the consulting examiners for the Social Security Administration. It was not her own doctors. Her own doctors were the ones that are in this group of people who say, we think it's an environmental sensitivity, and I'm going to treat it with Chinese herbs and medicine. But it is an MD and a psychiatrist who is telling her this. It is absolutely reasonable, and this person who is suffering should not be penalized for going to a doctor who is recognized by the State of California, who has a license, and even though one of these apparently got into some trouble with the license, it was not in fact taken away. She was going to doctors, people who the State of California said are licensed to practice, who know what they're doing, who know how to help you. Counsel, excuse me. Following up on what Judge Gould asked you, was that Dr. John Stevenson, the psychologist? There were two consultative examinations that were done by the Social Security Administration, and both of them found that there was a somatoform disorder or provisional somatoform disorder. I'm looking at record red 10, I believe, concerning Dr. Stevenson. It's red 10. And he diagnosed, correct me if I'm wrong, diagnosed your client with somatoform disorder, but still believed that her ability to remember and carry out instructions, perform work settings was not impaired, despite that diagnosis. And this is where we get into the issue of does a failure to have a headache give you some indication of whether or not someone has prostate cancer. He is doing a series of tests that are designed to measure organics, you know, organic disability or alternatively depression, ways it's directed to something like that, short-term memory. Not the ability to function day-to-day, not how the physical manifestation occurs in her system and body as a result of a mental impairment. Or what may in fact be a physical impairment. She certainly has doctors saying this is a true thing. And she has not tested, she's not saying it's asthma, right? So how much she can blow out in five seconds or ten seconds on a test isn't determinative of whether she has a response or not. Whether it's based in some mental condition or in some physical condition, that when exposed to it, she is unable to breathe. She has anxiety. This is a woman who goes and lives in the tent in a backyard, because whether it is a true physical problem or a mental problem, the smell of paint that's going on next door in the apartment house is too much for her to be able to live in solace. So I'm going to ask you, where in the record can I find the somatoform disorder being presented to the ALJ as a disability? What is presented to the ALJ as a disability is the chemical environmental sensitivity issue. And I think that a fair reading of POMS and of the various POMS regulations in this area, really in and of itself suggests to the ALJ, if somebody is coming in and saying they have a chemical sensitivity, it's not an allergy, but it is this sort of environmental multiple phase disorder. It's one of these multiple things that in fact at that point you need to look at it as a mental disability. You at least need to consider it as that, and you particularly need I think on a record like this to consider it when your own consulting examiners are saying that's what's going on here. So your argument is that the ALJ should have sui sponte addressed the somatoform disorder? I think that her advocate did everything that that advocate could do to tell the ALJ you need to at least consider it, because my client is telling me I can't. And if you have a client who has a Napoleonic complex and truly believes they are Napoleon, you cannot, they will not let you argue they're not. What about at the district court level? At the district court level it was presented in a slightly different fashion, and this is the issue. Does the record support what happened here? They said, you know, you can't find her not credible. All of the doctors found her credible. Now, why is it that they're finding her credible for different reasons. But would you point me in the record? In the district court, did you argue that she had a somatoform disorder that should have been evaluated? Nobody used the word somatoform disorder, Your Honor, until I took over her case in this court. So if that theory wasn't urged to the ALJ, following up on Judge Rawlinson's question, and if it wasn't urged to the district court, how can we sit here as advocates and say, you know, you can't find her credible. You can't sit here as a court of appeals and give your client relief on a theory that wasn't advanced below. Because I think it is still the same theory that was advanced below but not named. And that would be an issue, I think what might be the appropriate remedy at that point is that you remand it to see if this is what is going on. But what they attacked in the district court is, you know, the ALJ said, she's not credible. And so I'm going to disregard that. And she's saying she's not credible because she doesn't have this physical thing. But he's got a record in front of him where his own people are saying she's got somatoform disorder, it's not going to be manifested in a physical thing. It's going to be manifested in various reactions. And as you go and you look at what he relied upon, she is a teacher's aide. She occasionally stands out and monitors lunch so children don't beat up on each other for one hour. He says, you can't believe that she has an exhaust sensitivity because she drives inside a car. Well, the exhaust is outside a car, it's not inside the car. I mean, at each point he has been very selective in what he's done and he's given it an interpretation that doesn't match up with what the doctor said. He said that every doctor here believed her. The psychologist for, I think they are all, I think it's a mixed, and I can't recall offhand, I think it is psychiatrists that were hired by the Social Security Administration. Then he said, we believe her, she's not malingering, it's not effectitious. She doesn't control these things. So, counsel, if we reach this issue, are you arguing now that these sensitivities that she has, that she's expressed having, which may not be supported by some objective findings of the doctors, are you arguing now that her claim is really based simply upon a mental issue growing out of the somatoform disorder? What I am arguing is that minimum that needs to be assessed. That the ALJ could not properly discredit her testimony and that she was being an honest reporter when all of the doctors who looked at it said she's an honest reporter. But could you answer my question? Are you stating now that your claim here on appeal is not based upon physical disabilities? I don't, I'm not the doctor. I guess that's my short answer. And I'm sorry if that is. But you are the lawyer. I am the lawyer. And we want to know, as the lawyer, what is your claim? As the lawyer, I think there's something wrong with this woman and there's something desperately wrong with this woman that makes her unable to work. Is it, are you claiming, are you basing the claim on physical disabilities or mental disabilities? I think that she has both. And I think that based on what's in this record, minimally the ALJ had an obligation not to disregard her testimony, because the testimony she gave and all of the medical evidence that's there is absolutely consistent with something that is a recognized disability, it's a listed impairment. And whether this Court thinks that there's enough there or whether we have waived and are not allowed to present this at this time, although I would say we do fall within some of the exceptions, because there is a fully developed factual record here. Nobody was snuck up on from behind, and it is a discretionary exercise for this Court of whether or not to permit something new to be presented and argued. And this is a highly, you know, the Social Security Act is uniquely protective, and it should be interpreted in a way, I think, that is uniquely protective of the people who have paid in, like Ms. Coulter, who is being entitled to claim here. She fully paid into this system, and that something happened at some time that made it so she couldn't work. Did you want to save any time for rebuttal, counsel? I will happily save a few minutes. Well, you have one minute, five seconds, and counting. And because I know Ms. Bond will take me very much to task in the next few. Thank you, Your Honor. Thank you. Thank you. Good morning. Shavonne, on behalf of the Commissioner of Social Security. It is the government's position that the issue of the somatoform disorder, any mental impairment, is waived, and I believe for the reasons that we gave in our briefing that this Court's decision in Gregor is almost on all fours, the same situation that happened here happened there, where you had a person who didn't really allege any kind of mental impairment before the agency, and then gets it before the district court, doesn't argue a mental impairment, and it was only when that strategy failed upon appeal with new counsel that the argument then automatically changed to my disorder is now mentally based. Does the record support what your opponent just said, that the claimant here, Ms. Coulter, instructed her a little while ago, that she should be able to get a lawyer to give up the mental disability claim? There's no indication that it was her communication to her attorney that prompted the attorney to tell the ALJ that there was no mental allegations in this case. We just have the attorney talking on behalf of his client, as obviously an attorney talks on behalf of the client. He didn't say, you know, my client is directing me not to bring up this issue, but I think the court or the ALJ should discuss it. The attorney actually not only at the hearing, but actually in a letter, I think in a pre-letter brief to the ALJ, reaffirmed that there should be no mental disability considered in this case. The, you know, the CE reports were available to this administrative counsel. The CE report, again, diagnosing the somatoform disorder was available to counsel at the district court level, and yet no allegations were made based on any kind of mental impairment. Do you agree with your opponent that the record has been developed on this point, and so it really just remains a legal question? Well, I think these cases are very fact intensive, but it's developed to the sense that we have the two, the only diagnoses of somatoform disorder from the two consultative examiners. They gave very thorough, very detailed reports about their clinical examination of the claimant. I think one of those reports was based on three hours of interview and testing. So that's developed, and then what do we have is the result that both doctors found that she was not limited at all by a somatoform disorder. Those reports described their, again, the interactions with the claimant, and during testing, she was, I don't think I've ever seen such glowing reports about a claimant. You know, she said her behavior during the exam said she had, she never showed fatigue. She showed great energy. This is, one doctor said in 10 years he's never encountered someone who scored as high on testing. So, you know, even if this issue weren't weighed and we reached the issue of what does somatoform disorder say in this case, neither doctor found she was limited. And no doctor, none of the treating doctors certainly, have ever tied any of her complaints to a mental impairment. They've all said it's based on her reactive airway disease. So I don't see any evidence on this record suggesting that the ALJ should have discussed the somatoform disorder. And regardless, he did discuss the two CE reports, and again, the pertinent part of those reports is that the claim is not limited at all. Thank you. And if the court has any other questions, I'd be happy to answer. Any questions? Yeah, I have no questions here. Thank you. Again, we would say that this record adequately supported the ALJ's decision. It's supported by substantial evidence. There was no legal error here, and we would ask you to affirm. Thank you, counsel. We'll hear rebuttal. Thank you, Your Honor. I suppose there's zero opportunity to take what's the balance of Ms. Bond's time. Absolutely not. That would be a negative. I do think that this is a very sick woman, and I do think that there was enough presented that this at least needs to be looked at. The commentators in this area, and particularly those who, you know, James has medical issues and social security, he looks to these doctors, who are making determinations of environmental sensitivity, and they weren't just saying reactive airway disease. They were saying she has, you know, environmental sensitivities as quackery. And whether it's quackery or not quackery, I think the evidence in this case is such that she had to be believed. The ALJ was not free to disregard it. She might be susceptible to undue influence by doctors who tell her she's got a problem, but they're telling her she has a problem. And she is seeking relief. She is following the doctor's recommendations, because that really was the only other thing that was ever suggested by the ALJ, was that she wasn't following, compliant, and in fact, in that one instance, she was seeking a second opinion, which is something she is absolutely entitled to do. She may have made a bad choice in what doctors to believe. She may have made a, and it may be that, you know, she is believing them because they are telling her she has a problem that is physical, not a problem that's in her head. But if she, you know, the fact that she believes it's physical doesn't necessarily relieve the ALJ of the obligation to consider that it's mental. Thank you, counsel. We understand your argument.
judges: Lemelle, Gould, Rawlinson